

# THE ATTORNEY GENERAL
## OF TEXAS

November 16, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Kent Caperton
Chairman
Jurisprudence Committee
Texas State Senate
P. O. Box 12068
Austin, Texas 78711

Opinion No. JM-981

Re: Whether a County Appraisal District may subpoena records of a person solely by virtue of that individual's failure to render property for taxation, where there is no administrative or judicial proceeding pending (RQ-1527)

Dear Senator Caperton:

You ask:

> Does an appraisal district of a county have the authority to subpoena the records of a person solely on the basis that the person failed to render property for taxation, as required by Chapter 22 of the Property Tax Code, when no administrative or judicial hearing or proceeding is pending involving the person and the district?

Your request is accompanied by a brief prepared by the attorneys representing the parties on behalf of whom you make this request. We will limit the applicability of our discussion to the facts stated in that brief, which are as follows:[1]

> What is happening in Bexar County, is that if you do not do a rendition of personal

---

1. The opinion process of this office is designed to furnish legal opinions based upon a stated fact situation, and not to resolve fact disputes. A recitation of facts in an opinion is not an affirmation of their existence, but merely a recital of the basis upon which the legal opinion is offered.

> property, then the Appraisal District automatically has the Appraisal Review Board issue a subpoena duces tecum to you to bring your books and records before a designated representative to the Appraisal District's office and let them look at it.

As is noted in the brief, section 22.01 of the Tax Code requires a person to "render for taxation all tangible personal property used for the production of income that he owns or that he manages and controls as a fiduciary on January 1" (with the exception of certain property covered by chapter 24 of the code).

It appears, however, that there are no legal sanctions for failure to render as directed by section 22.01 and that in fact many taxpayers fail to so render. See, _Property Tax in Texas: A Legal Analysis, Report to the Special Task Force on School Finance_, Legislative Property Tax Committee, prepared by M. Yudof, 1973. Section 22.07 does authorize the chief appraiser or his designated representative to inspect the premises of a business, trade, or profession to determine the existence and market value of taxable personal property. Also, section 22.22 authorizes the chief appraiser to require certain rendition and property reports by delivery of written notice to that effect. However, we find no authority, explicit or implied, for the appraisal district or the chief appraiser, by use of a subpoena duces tecum, to compel a nonrendering taxpayer to produce records relating to potentially taxable personal property.

Nor do we find any authority for the appraisal review board to compel by use of a subpoena duces tecum a taxpayer to produce such records in the circumstances you describe. The appraisal review board is required to review the appraisal records made by the appraisal district, and to direct the chief appraiser to make reappraisals or otherwise correct the records if the appraisals are found to be "not substantially uniform" or if the records do not conform to the requirements of law. Tax Code §§ 41.01, 41.02. The appraisal review board is also required to hear and decide challenges to the appraisals and records by taxing units (sections 41.03 _et seq._) and by property owners (sections 41.41 _et seq._). Section 41.61 _et seq._ authorizes the appraisal review board to issue subpoenas in the course of these proceedings. Section 41.61 provides:

> (a) If reasonably necessary _in the course of a proceeding provided by this chapter_, the appraisal review board on its own motion or at the request of a party may subpoena

witnesses or books, records, or other docu-
ments.

(b) <u>On the written request of a party to a
proceeding provided by this chapter</u>, the
appraisal review board shall issue a subpoena
if the requesting party:

(1) shows good cause for issuing the
subpoena; and

(2) deposits with the board a sum the
board determines is reasonably sufficient
to insure payment of the costs estimated
to accrue for issuance and service of the
subpoena and for compensation of the indi-
vidual to whom it is directed. (Emphasis
added.)

The specific enumeration in section 41.61 of the
instances when the appraisal review board is authorized to
issue subpoenas duces tecum indicates that the board lacks
such authority in situations not addressed by that pro-
vision -- that is, other than in the course of chapter 41
board proceedings. We find no authority in state law,
explicit or implied, for the board to otherwise issue
subpoenas.

Therefore, in answer to your question, we conclude that
an appraisal district has no authority to issue subpoenas
duces tecum, nor does the appraisal review board have such
authority when no board proceeding has been instituted.

### S U M M A R Y

An appraisal district has no authority
to issue subpoenas duces tecum. An appraisal
review board has no authority to issue
subpoenas duces tecum when no board
proceeding has been instituted.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General